IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MELVIN J. HOWARD,                          3:13-cv-01111-ST

              Plaintiff,                ORDER

v.

MAXIMUS, INC., d/b/a MAXIMUS,
CANADA, INC., d/b/a THEMIS
PROGRAM MANAGEMENT &
CONSULTING LTD.; STEVE
KITCHER, in his individual
capacity; and JOANNE PLATT,
in her individual capacity,

              Defendants.


BROWN, Judge.

    Magistrate Judge Janice M. Stewart issued Findings and

Recommendation (#27) on November 20, 2013, in which she

recommends the Court grant the Motion (#20) to Dismiss of

Defendant Maximus, Inc.[1]  Plaintiff, appearing *pro se*, filed

timely Objections to the Findings and Recommendation.  The matter

------

    [1]  The Magistrate Judge notes Plaintiff also filed his
Complaint against two individual Defendants, Steve Kitcher and
Joanne Platt, who have not yet been served.

1 - ORDER

is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

## I.    Portions of the Findings and Recommendation to which Plaintiff Does Not Object

It appears Plaintiff does not object to the portions of the Findings and Recommendation in which the Magistrate Judge dismisses with prejudice Plaintiff's "Piercing the Corporate Veil" claim and Defendant's alternative request for dismissal under Federal Rule of Civil Procedure 12(b)(7) for failure to join "required" parties under Federal Rule of Civil Procedure 19. The Court, therefore, is relieved of its obligation to review the record *de novo* as to these portions of the Findings and Recommendation.  *See Shiny Rock Min. Corp v. U.S.*, 825 F.2d 216, 218. (9th Cir. 1987).  *See also Lorin Corp. v. Goto & Co.*, 700 F.2d 1202, 1206 (8th Cir. 1983).

Having reviewed the legal principles *de novo*, the Court does not find any error in these portions of the Findings and Recommendation except that the Court dismisses Plaintiff's "Piercing the Corporate Veil" claim without prejudice.

## II.   Portions of the Findings and Recommendation to which Plaintiff Objects

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1).  *See also United States v. Reyna-*

2 - ORDER

*Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*); *United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988).

Plaintiff appears to object to the part of the Findings and Recommendation in which the Magistrate Judge concludes Plaintiff's claim under 42 U.S.C. § 1983 should be dismissed for lack of subject-matter jurisdiction and Plaintiff's claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962, *et seq.,* should be dismissed for failure to state a claim. Plaintiff appears to argue that his case "touches and concerns the territory of the United States with sufficient force" that his § 1983 and RICO claims should not be dismissed.

This Court has carefully considered Plaintiff's Objections and concludes they do not provide a basis to modify these portions of the Findings and Recommendation. The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.

## III. Defendant's Alternative Argument for Failure to Join Required Parties under Rule 19

As noted, the Court does not find error in the Magistrate Judge's conclusions that Plaintiff's § 1983 claim should be dismissed for lack of jurisdiction and his RICO and "Piercing the Corporate Veil" claims should be dismissed for failure to state a claim. Although the Magistrate Judge concludes the Court need not reach the issue of Defendant's alternative argument that

3 - ORDER

Plaintiff's claims should be dismissed for failure to join required parties, the Magistrate Judge included a discussion of the merits of Defendant's alternative argument.  Because the Court concludes Plaintiff's claims should be dismissed as recommended by the Magistrate Judge on the ground that the Court lacks jurisdiction over the Plaintiff's § 1983 claim and fails to state a claim under RICO and under his "Piercing the Corporate Veil" theory, the Court need not address Defendant's alternative argument.

**IV.  New Claims**

Plaintiff also appears to be attempting to assert new claims under the Alien Tort Statute, 28 U.S.C. § 1350, and the Torture Victim Protection Act of 1991, 106 Stat. 73 (note following 28 U.S.C. § 1350) that he did not assert in his Complaint nor in his Opposition to Defendant's Motion.  To the extent that Plaintiff is attempting to assert new claims, these assertions do not provide a basis to modify the Findings and Recommendation and, in any event, are inappropriate at this stage as the opportunity to object to the Magistrate Judge's Findings and Recommendations is not an invitation for Plaintiff to have a "second bite at the apple."  *See Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638 (9th Cir. Cal. 1988), *overruled on other grounds, United States v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir. 1992)("[A]llowing parties to litigate fully their case before the

4 - ORDER

magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act.  We do not believe that the Magistrates Act was intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court.").  *See also Chiari v. New York Racing Ass'n Inc*., No. 12-CV-0598, 2013 WL 5234242, at *2 (E.D.N.Y. 2013)("Although the objections to a report and recommendation of a pro se party should be accorded leniency, even a *pro se* party's objections . . . must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument")(citations and quotations omitted).

## V.  Dismissal Without Prejudice

The Magistrate Judge recommends the Court dismiss all of Plaintiff's claims with prejudice.

A *pro se* plaintiff's complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(per curiam).  Thus, the court must construe *pro se* filings liberally.  If a plaintiff fails to state a claim, "[l]eave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts,' and should be granted more liberally to *pro se* plaintiffs." *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th

Cir. 2003)(quoting *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000)).  Accordingly, before the court dismisses a *pro se* complaint for failure to state a claim, the court still must provide the plaintiff with a statement of the complaint's deficiencies and give the plaintiff leave to amend the complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Rouse v. United States Dep't of State,* 548 F.3d 871, 881-82 (9th Cir. 2008).

Although the Magistrate Judge recommends the Court dismiss Plaintiff's RICO claim and "Piercing the Corporate Veil" claims for failure to state a claim, the Magistrate Judge did not conclude these claims "could not possibly be cured by the allegation of other facts." *See Ramirez*, 334 F.3d at 861.  Even though the Court adopts that portion of the Findings and Recommendation in which the Magistrate Judge recommends dismissing Plaintiff's RICO and "Piercing the Corporate Veil" claims, the Court concludes Plaintiff should be permitted to amend his Complaint to attempt to cure the deficiencies set out in the Findings and Recommendation.

Accordingly, the Court dismisses Plaintiff's RICO and "Piercing the Corporate Veil" claims without prejudice.

<u>**CONCLUSION**</u>

The Court **ADOPTS** that portion of Magistrate Judge Stewart's

6 – ORDER

Findings and Recommendation (#27) in which she recommends the
Court **GRANT** Defendant's Motion (#20) to Dismiss Plaintiff's
§ 1983 claims with prejudice and Plaintiff's RICO and "Piercing
the Corporate Veil" claims.  The Court, however, **DISMISSES**
Plaintiff's RICO and "Piercing the Corporate Veil" claims **without
prejudice**.

The Court also **GRANTS** leave to Plaintiff to file an amended
complaint **no later than February 24, 2014**, only as to his RICO
and "Piercing the Corporate Veil" claims to attempt to cure the
deficiencies set out in the Findings and Recommendations.  If
Plaintiff files an amended complaint, the Magistrate Judge shall
review the amended complaint to determine whether Plaintiff has
cured the deficiencies.  If Plaintiff does not file an amended
complaint and cure the deficiencies **by February 24, 2014**, the
Court will dismiss this matter with prejudice.

IT IS SO ORDERED.

DATED this 5th day of February, 2014.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

7 - ORDER